## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

CHARLES HARTUNG,

      Plaintiff,

    v.                                      Civ. No. 23-569 SCY/KK

RONNIE GOMMERT and
MCLANE COMPANY, INC.,

      Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO EXCLUDE

Defendants Ronnie Gommert and McLane Company, Inc. move to strike Plaintiff's designations of non-retained medical experts, i.e., treating providers. Doc. 47 (Defendants' Motion To Exclude Or Limit Testimony From Plaintiff's Treating Medical Providers). Plaintiff's disclosures named thirteen providers and stated generally that the providers have knowledge and information regarding the diagnosis, treatment and/or cause of Plaintiff's injuries. Doc. 28. In response to the motion to strike, Plaintiff states that he intends to call only three of these providers at trial: Dr. Peter Ameglio, Dr. Aldo Beretta, and Dr. F. Desmond Hussey. Doc. 56 at 3. The Court denies the sanction Defendants request—exclusion of the providers' testimony at trial. The Court does not impose a lesser sanction because Defendants do not ask for one. Therefore, the Court denies the motion.

## BACKGROUND

This case involves a vehicle collision from which Plaintiff alleges various personal injuries. Plaintiff first disclosed his non-retained experts as treating providers in his initial disclosures on August 14, 2023. Doc. 14. At the same time, Plaintiff also produced copies of the treating providers' medical records. Doc. 56 at 7. On December 7, 2023, Plaintiff timely

disclosed expert witnesses according to the Court's scheduling order. Doc. 28 (witness list); Doc. 21 (court order). In this disclosure, Plaintiff described the relevant treating physician testimony as follows:

> Dr. Ameglio treated Mr. Hartung following the accident and is expected to have information on the diagnosis, treatment and cause of Mr. Hartung's bilateral sacroiliitis and his recovery from that injury.

> Dr. Hussey treated M. Hartung following the accident and is expected to have information on the diagnosis and treatment of Mr. Hartung's injuries and pain management for those injuries.

> Dr. Beretta treated Mr. Hartung following the accident and is expected to have knowledge regarding the diagnosis, cause, and treatment of Mr. Hartung's right shoulder injury and his recovery from that injury.

Doc. 28 at 3-4.

At the time of this expert disclosure, discovery was still ongoing, set to end March 1, 2024. Defendants did not depose any of the listed providers or communicate with Plaintiff regarding any perceived deficiencies in the disclosure. Doc. 56 at 8. Instead, on the pretrial motions' deadline, April 15, 2024, Defendants filed the instant motion to exclude. Briefing was complete on the motion as of May 31, 2024. Doc. 62. A month earlier, on April 30, 2024, the Court had held a status conference and scheduled a jury trial starting the week of October 7, 2024. Doc. 52.

Defendants move to strike the treating physician disclosures, arguing that they are insufficient under Federal Rule of Civil Procedure 26. Defendants argue that due to the violation of Rule 26, Plaintiff should be precluded from introducing any of these witnesses' testimony at trial.

## **DISCUSSION**

### I.    **Rule 26(a)(2)(C)**

Under Federal Rule of Civil Procedure 26, "certain disclosure requirements attach to

witnesses who intend to deliver expert (as opposed to lay) testimony. Retained expert witnesses, or employees 'whose duties regularly involve giving expert testimony,' must file detailed written reports." *Vincent v. Nelson*, 51 F.4th 1200, 1214 (10th Cir. 2022) (quoting Fed. R. Civ. P. 26(a)(2)(B)) (alteration omitted). "These 'extensive' disclosure requirements, however, do not apply to non-retained expert witnesses." *Id.* (quoting Fed. R. Civ. P. 26 advisory committee notes to 2010 amendment). "Non-retained expert witnesses need only disclose 'the subject matter on which [he or she] is expected to present evidence' and 'a *summary* of the facts and opinions to which [he or she] is expected to testify.'" *Id.* (quoting Fed. R. Civ. P. 26(a)(2)(C)(i)-(ii)) (emphasis in *Vincent*, not in Rule 26). "A 'summary' is customarily defined as 'an abridgment' of a fuller accounting of material." *Id.* at 1216 (quoting *Summary*, Black's Law Dictionary (11th ed. 2019)) (alteration omitted). "Indeed, the advisory notes caution against requiring 'undue detail,' as witnesses testifying under Rule 26(a)(2)(C) generally 'have not been specially retained and may not be as responsive to counsel as those who have.'" *Id.* (quoting Fed. R. Civ. P. 26 advisory committee notes to 2010 amendment).

In *Vincent*, the Tenth Circuit found sufficient non-retained witness designations that stated one witness, McGinty, would "testify about his participation in the post-accident activities conducted by Thunder Basin Coal and the operations of the haul trucks in the area where the subject accident occurred" and "provided notice that he may base any opinion on his education, experience and training, and rely on any relevant documents, articles, and exhibits to illustrate or support his testimony." *Id.* at 1216 (cleaned up). The designation for the second non-retained witness at issue, Steele, "stated that he would testify as to Thunder Basin Coal's investigation into the accident and about his participation in the investigation of the accident" and "that he may rely on any relevant documents, articles, and exhibits to illustrate or support his testimony."

*Id.* at 1216-17 (cleaned up). "Both designations also provided that [Steele and McGinty] would testify consistent with their deposition testimony." *Id.* at 1217.

In finding these designations sufficient,[1] the Tenth Circuit explained that other circuits "seem largely to have faulted parties only when they have filed disclosures 'so generic, unhelpful, and boilerplate that they could apply to virtually any case.'" *Id.* at 1216 (quoting *Torrez v. D. Las Vegas, Inc.*, 773 F. App'x 950, 951 (9th Cir. 2019)) (alterations omitted). Because the Tenth Circuit cited *Torrez* approvingly, it is worth examining the disclosures in that case. As the magistrate judge in that case explained:

> In the initial disclosure, Alfaro and Torrez identified a total of 11 healthcare providers. The initial disclosure also identified "person(s) most knowledgeable and/or custodian of records and/or the treating physician or other healthcare provider" by name. For each of these providers, the following identical disclosure was provided:
>
>> The aforementioned medical care providers and/or their representatives are expected to testify as treating physicians and as experts regarding the injuries sustained; past, present and future medical treatment impairment; prognosis; disability; pain and suffering; disfigurement; causation; and the reasonableness and necessity of all care and billing as it relates to Plaintiff, as well as the authenticity of their medical records and cost of the services rendered.
>>
>> The aforementioned medical care providers will opine regarding future treatment, including, but not limited to, spinal cord simulators, chiropractic care, physical therapy, rehabilitative care, fusion surgery and/or therapeutic and/or diagnostic injections of the facets, nerve roots and/or medical branches. Said doctors will also opine regarding other pain management procedures such as radiofrequency ablations, occipital blocks and any other foreseeable medical treatment. Said doctors will also opine regarding all treatment in this case as it pertains to defending their opinions, to include any and all medical treatment as a result of the incident at issue, and any and all medical treatment prior to the incident at issue, and any and all depositions of other medical providers or defense

---

[1] Arguably, this finding is non-binding dicta, because the Tenth Circuit first found that Steele and McGinty offered lay, not expert, testimony at trial, and examined the sufficiency of the expert disclosures only as an alternative holding. *Vincent*, 51 F.4th at 1214-15. Nonetheless, it remains guidance stated in a published opinion from the Circuit.

> experts, and any and all defense medical reports prepared to attack said
> doctor's opinions.

*Alfaro v. D. Las Vegas, Inc.*, No. 15cv2190, 2016 WL 4473421, at *3-4 (D. Nev. Aug. 24, 2016)

(footnote omitted), *aff'd* 773 F. App'x 950. In the paragraph quoted by the Ninth Circuit, the

magistrate judge found that:

> They do not disclose any expert opinions at all. Although the identical disclosures
> arguably include broad subject matter areas on which each witness is expected to
> testify or present evidence, they do not include a "summary of the facts and
> opinions to which the witness is expected to testify." *See* Fed. R. Civ. P.
> 26(a)(2)(C)(ii). The initial disclosure and supplemental disclosures do not even
> identify the conditions for which Plaintiffs were treated, their diagnosis or
> prognosis, or the course of treatment provided. No information at all is provided
> linking any injury claimed by either Plaintiff to the accident in this case. The
> identical descriptions of expected testimony that Plaintiffs provided for all 11
> treating physicians and providers are so generic, unhelpful, and boilerplate they
> could apply to any virtually any case.

*Id.* at *13. Under Rule 26(a)(2)(C), "the disclosure must contain sufficient information to allow

opposing counsel to make an informed decision on which, if any, of the treating providers should

be deposed, determine whether to retain experts, and conduct a meaningful deposition or cross

examination of the witness at trial." *Id.* at *14.

The Ninth Circuit affirmed, quoting the "generic, unhelpful, and boilerplate" language

from the magistrate judge's order and the Tenth Circuit later echoed this sentiment. 773 F. App'x

at 951; *Vincent*, 51 F.4th at 1216.

## II.    Plaintiff's amended disclosures

With respect to two of the three providers at issue, Plaintiff's amended disclosures in this

case are more informative than the ones described in *Alfaro/Torrez*. In addition to the boilerplate

about the diagnosis, cause, and treatment of injuries that could apply to virtually any case, the

disclosure stated that Dr. Ameglio will testify about Plaintiff's bilateral sacroiliitis and that Dr.

Beretta will testify about Plaintiff's right shoulder injury. However, the disclosure lacks any such

information about Dr. Hussey and contains only vague boilerplate that could apply to any case. Furthermore, with respect to all three providers, the disclosure only provides a summary of the subject-matter of the anticipated testimony and does not actually disclose a single *fact* or *opinion* the provider will testify to. *Cf.* Fed. R. Civ. P. 26(a)(2)(C)(i)-(ii) ("this disclosure must state (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; *and* (ii) a summary of the facts and opinions to which the witness is expected to testify" (emphasis added)).

Similarly, in response to the instant motion, Plaintiff highlights "the subject matter on which each witness is expected to present evidence" but does not identify a fact or opinion to which the witness will testify. Doc. 56 at 6. Instead, Plaintiff argues that Defendants should know what those facts and opinions are because Defendants have medical records from the providers, as well as a letter from Dr. Ameglio stating that he believed, to a reasonable degree of medical certainty, that Plaintiff's sacroillitis and his need for bilateral sacroiliac fusions were a result of injuries caused by the October 9, 2020 collision. Doc. 56 at 4-6.

Referring to other materials such as medical records does not cure insufficient Rule 26 expert disclosures. "Although referring to a physician's medical records is appropriate, a proper non-retained expert disclosure should also identify specifics from those records in order to meet the requirements of Rule 26(a)(2)(C). It is not enough to state that the witness will testify consistent with information contained in the medical records." *Nosewicz v. Janosko*, No. 16cv447, 2019 WL 4248895, at *6 (D. Colo. Aug. 19, 2019) (cleaned up), *report and recommendation adopted*, 2019 WL 4242739 (D. Colo. Sept. 6, 2019). "Moreover, designation of a prodigious volume of material does not constitute a summary of the facts to which the witnesses will testify within the meaning and requirements of Rule 26(a)(2)(C)." *Id.* (cleaned

up). Although the disclosure of medical reports that indicate the likely testimony of a treating physician bears on the degree of prejudice an aggrieved party suffers, it does not bear on whether there was a Rule 26 violation in the first place.

The Court finds that Plaintiff's non-retained expert disclosures violate Rule 26 because they fail to provide a summary of any facts and opinions to which each witness is expected to testify. Having decided Plaintiff violated Rule 26, the Court must next decide how that violation should be addressed.

## III.   Sanctions

If a party fails to disclose information required by Rule 26(a), it may not use any undisclosed information at trial, unless the failure is substantially justified or harmless. Fed. R. Civ. P. 37(c)(1); *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002) ("A trial court has broad discretion to decide if a Rule 26(a) violation is justified or is harmless."). This "unless the failure is substantially justified or harmless" caveat exists to "avoid unduly harsh penalties." Fed. R. Civ. P. 37(c)(1) Advisory Committee Notes, 1993 amendment. "The decision to exclude evidence is a drastic sanction." *Summers v. Missouri Pac. R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997); *see also Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (recognizing "the judicial system's strong predisposition to resolve cases on their merits").

As an initial matter, Plaintiff points out that he did disclose a letter report Dr. Ameglio authored as well as medical records that contain the information Defendants assert they did not receive. Doc. 56 at 5-6. The Court understands Plaintiff to be arguing that Rule 37(c)(1)'s requirement that a Court exclude information unless the failure is substantially justified or harmless is inapplicable because he did provide information "required by Rule 26(a) or (e) . . ." Rule 37(c)(1). It is true that a failure to disclose information at all is different than a failure to disclose a sufficient amount of information in the proper way. Rather than resolve this debate

over whether Rule 37(c)(1) applies at all, the Court will assume Rule 37(c)(1) applies because ultimately it sides with Plaintiff.

The Tenth Circuit has instructed that the following factors should guide a district court's discretion regarding whether to exclude evidence under Rule 37(c)(1): (1) whether the other party will be prejudiced, (2) the ability to cure any prejudice, (3) whether allowing the evidence would disrupt the trial, and (4) the violator's bad faith or willfulness. *Jacobsen*, 287 F.3d at 952-53; *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). "The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Jacobsen*, 287 F.3d at 953. Defendants argue that, considering these factors, the most appropriate sanction is to preclude Plaintiff from using any of the undisclosed testimony at trial.

> With respect to prejudice, Defendants argue that:
>
> Defendants would be prejudiced by the admission of any untimely and improperly disclosed non-retained expert testimony. Defendants have already disclosed their expert witnesses, and discovery closed on March 1, 2024. The parties participated in an unsuccessful settlement conference. Defendants should not have to shift their litigation strategy to accommodate Plaintiff's inadequate disclosure.
>
> As to the second factor, there is no ability to cure the prejudice because discovery is closed. Allowing Plaintiff to present the inadequately disclosed Providers as experts may require Defendants to identify additional expert witnesses, which is unduly burdensome given that discovery is closed and the Court has set a Status Conference for April 30, 2024, to select a trial date.

Doc. 47 at 7.

But Defendants stop short of representing that they do not actually know what the providers are going to say at trial. As Plaintiff points out, Defendants have the medical records. Such records include Dr. Ameglio's letter, which discusses the medical procedures he performed and what he will say about causation. Doc. 56-1. Plaintiff further points out that those records are not voluminous or burdensome to distill. Doc. 56 at 4 ("Dr. Beretta's medical records were

around ten pages, Dr. Ameglio's medical records were around twenty-eight pages, and Dr. Hussey's medical records were around forty pages.").

Although Plaintiff's argument has some force, it is lessened by Plaintiff's failure to acknowledge the impact of initially disclosing thirteen, rather than three, treating providers as non-retained experts. It appears that Plaintiff did not notify Defendants of this reduction until he filed his response to the present motion. Thus, the implication that Defendants only had to review discovery related to the three experts Plaintiff now identifies is incorrect. During the discovery period, Defendants would have to assume that Plaintiff intended to call all thirteen treating provider witnesses Plaintiff disclosed. And, to obtain a summary of the facts and opinions to which these thirteen witnesses would testify, Defendants would have to infer from the universe of medical reports Plaintiff provided exactly what the testimony of each of these thirteen treating providers would be. Thus, the burden Rule 26(a)(2)(C) places on plaintiffs, and that Plaintiff's incomplete notice shifted onto Defendants, was heavier than Plaintiff's argument implies.

Nonetheless, it does not appear Defendants made any attempt to communicate with Plaintiff in an effort to relieve themselves of this burden. When did Defendants assess that Plaintiff's disclosures were deficient? Given the brevity of Plaintiff's disclosures, it could not have been long after Defendants received them on December 7, 2023. Yet, rather than conferring with Plaintiff in an attempt to resolve the deficiencies in Plaintiff's notice while discovery was ongoing, Defendants remained silent until discovery closed and pretrial motions were due. That is, for over four months between December 7, 2023 and April 15, 2024, Defendants made no attempt to mitigate any prejudice Plaintiff's insufficient notice might cause. Doc. 56 at 8.

When Plaintiff filed his initial set of non-retained expert disclosures, three months remained in the discovery period and no trial date had been set. There was ample opportunity to cure the insufficient disclosures, set any necessary depositions, and name any rebuttal experts. Thus, to the extent reopening discovery to address Plaintiff's deficient Rule 26 disclosures would create a hardship now that trial is four months away, Defendants could have mitigated that harm. If Defendants had requested Plaintiff amend his treating physician disclosures in late 2023, when no trial date was set and discovery was still ongoing, Plaintiff could have considered serving amended disclosures with little cost or prejudice to either party. Defendants could have, but did not, take any action to obtain a more detailed summary of the expected testimony of Plaintiff's treating providers. And, given that Plaintiff disclosed the medical records that underlie the opinions of these providers and clarified which providers Plaintiff will call now—four months out from trial—Defendants do not convincingly argue they will be surprised about the anticipated trial testimony of these providers. These facts greatly diminish the force of Defendants' timeliness and unfair-surprise arguments.

Not addressing the deficiency in Plaintiff's disclosures until after discovery has closed and trial has been set has left the parties with far fewer reasonable avenues for a negotiated resolution without Court involvement. When discovery is closed and trial is imminent, little room is left to discuss specific issues or exchange additional information. Court involvement is inevitable when the dispute has been reduced to whether to exclude testimony at trial. Courts in this district have disfavored motions to exclude evidence where an aggrieved party did not avail itself of the opportunity to resolve a discovery deficiency during the discovery period. *See Walker v. Spina*, No. 17cv991, 2019 WL 145626, at *27 (D.N.M. Jan. 9, 2019) (defendants could have cured "the minimal or nonexistent" prejudice by timely raising concerns with the

plaintiff, but instead waited until after the close of discovery to exploit "a technicality" to attempt to exclude the treating providers' testimony); *Coffey v. United States*, No. 08cv588, 2012 WL 2175747, at *13 (D.N.M. May 26, 2012) ("Given that the Amended Expert Report has been available to the [defense] for approximately ten months, any significant disruption [to trial] is partially the [defense's] fault."); *Lopez v. Singh*, No. 22cv36, 2023 WL 7130422, at *6-7 (D.N.M. Oct. 30, 2023) (same); *Aragon v. Los Lunas Bd. of Educ.*, No. 03cv299, 2007 WL 9709785, at *2 (D.N.M. Mar. 15, 2007) (motion to compel was untimely where "Defendants knew about" the issue "almost two months before the motion deadline expired" yet "did not act until months later").

Defendants also argue that they should not be forced to "shift their litigation strategy to accommodate Plaintiff's inadequate disclosure." Doc. 47 at 7. Defendants, however, do not develop this argument. Further, as set forth above, Defendants do not present a situation where they have been surprised with an expert disclosure at the last second. Although Defendants have a valid complaint that they should not have to sift through medical records to figure out how each witness might testify (and so some sort of sanction might be appropriate), Doc. 47 at 3-4, neither can they claim that information about Plaintiff's experts has been unavailable to them and is a complete surprise. Finally, to the extent Defendants' litigation strategy was to choose not to attempt to resolve the notice issue during discovery and instead wait until as close to trial as possible to raise the issue, the Court is unsympathetic to Defendants' purported need to shift litigation strategies.

Thus, given that Defendants had an opportunity to address the deficiency in Plaintiff's treating expert notice months before discovery closed, the first *Woodworker* factor (prejudice)

does not favor the extreme sanction of excluding the three treating providers Plaintiff intends to call at trial.

As for the second *Woodworker* factor (ability to cure), the Court concludes that the deficiency in Plaintiff's treating physician notice could be cured. Trial is still not set to begin for approximately four months. Although Defendants do not seek to re-open discovery, depose Plaintiff's treating providers, or submit rebuttal evidence, such options exist. Furthermore, lesser sanctions, such as requiring Plaintiff to share in the cost of such depositions, also exist. *See Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 954 (10th Cir. 2002) (for cases not "on the eve of trial," the district court could allow more time for compliance with Rule 26 "without jeopardizing the trial schedule" and provide the opposing party the opportunity to disclose rebuttal reports); *see also Gillum v. United States*, 309 F. App'x 267, 270 (10th Cir. 2009) (district court's exclusion of expert witness based on Rule 26(a)(2)(B) violation constituted abuse of discretion; other sanctions such as deposition cost-shifting existed).

Regarding the third *Woodworker* factor, (disruption of trial), given that Defendants likely have been long familiar with the discovery Plaintiff has provided, Defendants have had the ability to provide any rebuttal witness testimony in advance of trial. Further, although Defendants did not request to re-open discovery for the limited purpose of deposing Plaintiff's three treating-physician witnesses, sufficient time to do so before trial exists. And, if Defendants had asked to move the trial date so that they could have more time to depose Plaintiff's treating physicians, the Court would have been amenable to doing so.

Finally, on the last factor, there is no evidence Plaintiff violated Rule 26 in bad faith. *Harvey v. THI of N.M. at Albuquerque Care Ctr., LLC*, No. 12cv727, 2015 WL 13667111, at *6 (D.N.M. Mar. 31, 2015) ("Without a finding of bad faith or gamesmanship, courts are loathe to

invoke the strong medicine of precluding expert testimony." (internal quotation marks and alterations omitted)).

The Court will not impose exclusion as a sanction. The Court does not impose any lesser sanctions because Defendants have not requested a lesser sanction.[2]

THEREFORE, IT IS ORDERED THAT Defendants' Motion To Exclude Or Limit Testimony From Plaintiff's Treating Medical Providers, Doc. 47, is DENIED.

SO ORDERED.

STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE
Presiding by consent

---

[2] In the conclusion section of Defendants' motion, Defendants request "such *additional* relief as the Court deems just and proper" but propose no alternative relief and make no request for alternative relief. Doc. 47 at 10 (emphasis added).