**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

CHARLES HARTUNG,

      Plaintiff,

      v.                                        Civ. No. 23-569 SCY/KK

RONNIE GOMMERT and
MCLANE COMPANY, INC.,

      Defendants.

**ORDER DENYING MOTION TO PERMIT**
**VIDEO TESTIMONY**

This matter comes before the Court on Plaintiff's Motion To Permit Out-Of-State Non-Expert Witnesses To Testify At Trial Via Video. Doc. 78; *see also* Doc. 87 (response). This lawsuit arises out of an automobile accident that occurred in New Mexico. Plaintiff, however, resides in Florida. Not surprisingly, so do many of his trial witnesses, including two treating physicians (Dr. Desmond Hussey and Dr. Peter Ameglio), three friends/co-workers (Travis King, Jason Kaufman, and Thomas Birmingham), and the driver of the vehicle involved in the accident (Ralph Andrew). Plaintiff requests that these witnesses be "allowed to appear at trial via video, either live testimony via video or video trial depositions." Doc. 78 at 2. The Court denies the motion.

The pertinent authority on the topic, Federal Rule of Civil Procedure Rule 43(a), provides that "[a]t trial, witnesses' testimony must be taken in open court," but that "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." Relying on the Federal Rules advisory committee's notes, the Tenth Circuit has held that "[m]ere inconvenience doesn't satisfy this standard. In general, the rule contemplates situations where a witness cannot appear

in person 'for unexpected reasons, such as accident or illness.'" *Gil-Leyva v. Leslie*, 780 F. App'x 580, 587 (10th Cir. 2019) (quoting Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment) (alterations omitted). "A party who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of the circumstances." *Ali v. Lambert*, No. 20-5084, 2021 WL 3009712, at *2 (10th Cir. July 16, 2021) (quoting advisory committee's note to 1996 amendment). That is, "[n]otice of a desire to transmit testimony from a different location should be given as soon as the reasons are known." *Id.* (quoting advisory committee's note to 1996 amendment). Here, despite knowing from the beginning of this case that these witnesses reside in Florida, Plaintiff filed his motion to permit testimony via video approximately six weeks before trial.

In support of his motion, Plaintiff offers no arguments that relate to the correct legal standard. Instead, Plaintiff asserts that expenses for the Florida witnesses to travel to New Mexico "would be unduly burdensome." Doc. 78 at 2. Although the Court is sympathetic that out-of-state witnesses will have to travel, Plaintiff filed this lawsuit in New Mexico knowing that a trial will take place in New Mexico. Plaintiff cites no authority for his argument that travel expenses justify remote video testimony.

Plaintiff also asserts that he needs to present remote testimony because his out-of-state witnesses are beyond the Court's 100-mile subpoena power. Under Federal Rule of Civil Procedure 45(c)(1), that is true. But the Federal Rules advisory committee notes make it clear that this is not a justification for live remote testimony. Rather, "the committee cautions *against* using other possible justifications for remote transmissions, such as witnesses who are beyond the reach of a trial subpoena." *Black Card LLC v. Visa USA Inc.*, No. 15cv27, 2020 WL

9812009, at *2 (D. Wyo. Dec. 2, 2020) (citing Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment) (emphasis added). The committee notes advise that "depositions, including video depositions, provide a superior means of securing the testimony of a witness who is beyond the reach of a trial subpoena" because "[d]eposition procedures ensure the opportunity of all parties to be represented while the witness is testifying." Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment.

Plaintiff attempts to seize on this alternative means of presenting testimony from witnesses who are beyond the reach of the Court's subpoena power by requesting that the Court allow these witnesses to testify by "video trial deposition." Doc. 78 at 2. However, Plaintiff did not designate any portion of any deposition that he intends to use at trial and the deadline for him to do so has now passed. Doc. 54 at 2 ("If a party seeks to admit deposition testimony or videotaped deposition testimony, his/her witness list must also specifically designate the portions of the deposition(s) or videotaped deposition(s) he/she intends to use in the case in chief."); *id.* at 4 (setting a deadline of August 22, 2024 for witness lists and deposition designations); *see also* Doc. 68 (Plaintiff's witness list, indicating certain witnesses will be "live via video," without any designation of deposition testimony). Therefore, Plaintiff cannot present any already-taken deposition testimony at trial.

Even if the Court were inclined to permit Plaintiff to designate deposition testimony after the deadline, however, it appears that Plaintiff has no deposition testimony to designate from these witnesses. *See* Doc. 87 (Defendants' response, indicating Plaintiff never deposed the six witnesses at issue); Doc. 56 at 8 (an earlier filing by Plaintiff, indicating that the parties did not take the depositions of Plaintiff's treating providers while discovery was open). At this point, the discovery period has long closed and trial is imminent. No procedure exists for taking a "trial

3

deposition" at this stage of the litigation. *See In re EpiPen (Epinephrine Injection, USP) Mktg.,*

*Sales Pracs. & Antitrust Litig.*, No. 17md2785, 2021 WL 2822535, at *7 (D. Kan. July 7, 2021)

("[T]he Federal Rules do not recognize . . . a distinction between discovery depositions and trial

depositions."). "So, while plaintiffs lack testimony from th[ese] witness[es], and the court

sympathizes with the quandary plaintiffs find themselves in, the circumstances are a quandary of

plaintiffs' own making." *Id.* (cleaned up).

IT IS THEREFORE ORDERED that Plaintiff's Motion To Permit Out-Of-State Non-

Expert Witnesses To Testify At Trial Via Video (Doc. 78) is DENIED.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE
Presiding by consent