IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHARLES HARTUNG,

    Plaintiff,

v.                                                                                                     Civ. No. 23-569 SCY/KK

RONNIE GOMMERT and
MCLANE COMPANY, INC.,

    Defendants.

## ORDER DENYING MOTION TO DISMISS

This lawsuit arises from a car accident that occurred on October 9, 2020 when Defendant Ronnie Gommert, driving a company car and in the course and scope of his employment for Defendant McLane Company, entered the road from a gas station parking lot and hit the vehicle that Plaintiff Charles Hartung was in. Plaintiff's complaint brings one cause of action: negligence against Gommert and vicarious liability against McLane. Doc. 1-2 (complaint). Defendants have now conceded liability for the accident and so the only issue remaining for trial is damages. Because Defendant McLane Company will pay any damages, Plaintiff moves, under Rule 42(a)(2), to dismiss Defendant Gommert without prejudice.[1] *See* Fed. R. Civ. P. 42(a)(2) ("[A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."). Gommert opposes dismissal, arguing that he is a necessary party. Doc. 11 at 4. "Dismissal under Rule 41(a)(2) is within the sound discretion of the court." *Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir. 1993).

---

[1] Plaintiff's motion moves to dismiss Defendant Gommert without prejudice. The parties agree, however, that the running of the applicable statute of limitations means there is "no realistic chance that claims will be reasserted [against Gommert] in a second lawsuit." Doc. 80 at 2; *see also* Doc. 111 at 8.

Plaintiff argues that, because Defendants have now conceded liability, Plaintiff will face "substantial prejudice" if not permitted to dismiss Gommert because maintaining Gommert as a defendant "when the only issue being tried is damages and his employer has conceded it is responsible for payment of any damages awarded will be confusing to the jury."[2] Doc. 80 at 2. Plaintiff worries that jurors "may speculate as to why Mr. Gommert is a named defendant and may not appreciate that no damages are being sought from Mr. Gommert individually." *Id.* at 3. The Court disagrees that keeping Gommert as a defendant will cause confusion. Given that Gommert caused the accident that gave rise to this lawsuit, Gommert's inclusion as a defendant in the lawsuit is unlikely to confuse the jury. Indeed, Plaintiff's only cause of action in this lawsuit is for negligence against Gommert; Plaintiff has no direct cause of action against McLane.

Further, the parties' stipulated jury instructions advise the jury that McLane, as Gommert's employer, is liable for any wrongful act or omission of Gommert. Doc. 89 at 19 (parties' proposed jury instruction no. 16: "Ronnie Gommert was the employee of McLane Company, Inc., at the time of the occurrence. Therefore, McLane Company, Inc., is liable for any wrongful act or omission of Ronnie Gommert"). Thus, neither will the jury be confused about why McLane is a defendant in the lawsuit.

Finally, Plaintiff does not request punitive damages and the calculation of his

---

[2] In his motion to dismiss, filed August 28, 2024, Plaintiff explains that "[y]esterday [August 27, 2024] Plaintiff was informed for the first time that McLane Company, Inc. is both conceding liability for the accident and admitting that it is liable for the negligence of Mr. Gommert. As a result of these concessions, Plaintiff hereby seeks to dismiss Mr. Gommert as a named defendant." Doc. 80 at 1. Plaintiff, however, first offered to dismiss Gommert before Plaintiff was aware that Defendants were conceding liability. *See* Docs. 111-1, 111-2 (email from Plaintiff's counsel to defense counsel on August 15, 2024 and August 21, 2024 offering to dismiss Gommert).

compensatory damages does not turn on who must pay those damages. As such, any unfair prejudice Plaintiff must suffer by having Gommert remain in the lawsuit as a defendant is little to zero.

The Court therefore rejects Plaintiff's arguments as to why it should dismiss Gommert from this lawsuit and DENIES Plaintiff's Motion to Dismiss Defendant Ronnie Gommert (Doc. 80).

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE
Presiding by consent